IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
☐ HARRISONBURG DIVISION [☐ HARRISONBURG or ☐ STAUNTON] or
☒ LYNCHBURG DIVISION [☒ LYNCHBURG or ☐ CHARLOTTESVILLE]

☒ INITIAL  or  ☐ SUPPLEMENTAL

## TRUSTEE'S OBJECTIONS TO CONFIRMATION, REQUEST FOR DOCUMENTS, AND MOTION TO DISMISS

IN RE: BILLY S. WHITE            CASE #: 17-62244
MICHELLE L. WHITE
P.O. BOX 1244
POWHATAN, VA  23139

This is the Trustee's report following the ☒ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☒ did or ☐ did not attend; Creditors ☐ did or ☒ did not appear.

☒ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on ___January___ __25__, 20__18__, at ☒ 9:30 a.m. or ☐ 10:00 a.m., as originally noticed;
☒ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth on attached Exhibit "A"
☒ The Meeting of Creditors **IS NOT** adjourned;
☐ The Meeting of Creditors **IS** adjourned to _____ _____, 20____, at ___:_____ ____ .m. - *Debtor's Attorney to notice Debtor of the continuance.*

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

**WHEREFORE,** your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated:  01/02/2018                                  _Angela M. Scolforo_
(Date of 341 Hearing)                               Herbert L. Beskin, Chapter 13 Trustee
                                                    P.O. Box 2103
                                                    Charlottesville, VA  22902
                                                    Ph: 434-817-9913; Email: ch13staff@cvillech13.net

### CERTIFICATE OF SERVICE

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and electronically served by ECF or mailed though USPS to Debtor's counsel on January 03, 2018.

                                                    _Angela M. Scolforo_
                                                    Herbert L. Beskin, Chapter 13 Trustee
                                                    P.O. Box 2103
                                                    Charlottesville, VA  22902
                                                    Ph: 434-817-9913; Email: ch13staff@cvillech13.net

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 1)**

Name(s): BILLY S. WHITE  MICHELLE L. WHITE                                Case No. 17-62244

__X__ 1. The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

√ 2. The Debtor or attorney must <u>within 10 days</u>:                                                                     OK
    ___ A. **Submit a wage-deduction Order to the Court for entry; or**    *TFS to begin Jan 10*
    √ B. **Submit a pay-direct Order AND provide proof that a TFS payment account has been set up and is working; or**
    ___ C. Other: _____

√ 3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
    ___ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109 (e)]                                          OK
    ___ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case [11 U.S.C. § 109(g)]                                  OK
    ___ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] 11/9/2017   OK
    ___ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]     OK
    ___ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
    ___ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
    ___ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
           Plan payment period should be __36__ months. (Debtor is: ☐ above median  ☑ below median)
    √ H. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)] *retaining luxury Harley and furniture*
    ___ I. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]  *$5,629*
    √ J. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]   OK  N/A
    ___ K. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]  OK N/A
    ___ L. Debtor will not able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)]
    ___ M. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)]
    ___ N. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
    ___ O. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]    OK N/A
           Years not filed: IRS: _____; VDOT / other state: _____
    ___ P. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
    ___ Q. Debtor in default of plan / Trustee payments (As of ___/___/___: amount rec'd = $_____; def. = $_____)   OK
    √ R. Plan fails to provide that all of the disposable income in the commitment period will be applied to plan payments
          [11 U.S.C. § 1325(b)(1)(B)] *prove income and expenses — excessive expenses — increase when Aarons + Progressive paid off*
          As filed, Form 122C-2, Line 45, requires 60 mo. x $_____/mo. = $_____; and amendment IS / IS NOT required.
    ___ S. Other: *as filed budget shows disposable income of $1,707/month*

√ 4. The Debtor must provide the Trustee with the following documents: *H: need VA disability $999/month*
    √ A. Copy of <u>all</u> of the Debtor's pay stubs, operating statements (if self-employed), retirement checks, or government benefits (Social   OK
           Security, unemployment insurance, etc.) received in the 60 day period before this case was filed.
    ___ B. Affidavit of ongoing financial contribution (on Trustee's standard form) for $_____/mo. from: _____
    ___ C. Copy of any previously filed Homestead Deed(s).
    ___ D. Copy of the real estate tax assessments for the current year AND/OR real estate appraisal or BPO.   OK N/A
    ___ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint; life estate; or _____)
    ___ F. Proof that an automatic payment process for future mortgage payments has been put into place. (arrears are $_____)
    √ G. Documents, *properly summarized*, to support: *why attorney fee of $5,051 is reasonable and what are "misc. expenses" of $350/month*
    √ H. The questionnaire sent to the Debtor by the Trustee, with all questions answered.     OK
    ___ I. Debtor shall meet with his/her payroll office to determine if revising wage withholding and/or tax exemptions is necessary to
           increase take-home pay to ensure that sufficient taxes are being withheld.
    ___ J. A copy of the Debtor's most recently filed federal income tax return (20 _16_ ) [11 U.S.C. § 521(e)(2)] OR affidavit    OK
    ___ K. Within **30 days** a copy of all delinquent unfiled income tax returns (see para. 3O, above), plus a statement confirming that returns
           have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
    ___ L. Proof of child support income / expense $_____; proof of daycare expense $_____.
    ___ M. DSO information needed: payee name, address, and phone number.    OK N/A
    __X__ N. **Pre-confirmation affidavit from Debtor(s), or other appropriate evidence to satisfy matters addressed in the affidavit.**
    ___ O. Other: _____

√ 5. The Debtor must provide the Trustee with the following information: *rent $660; daycare $100; medical $200; transportation $600*

___ 6. The Debtor must file the following pleading(s):
    ___ A. Motion or adversary complaint to avoid lien for: _____
    ___ B. Order to authorize Trustee to begin making regular monthly mortgage payments.
    ___ C. Motion and order to extend or impose automatic stay (hearing has been set for  /  /  )    OK N/A
    ___ D. Other: _____

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)**

Name(s):  BILLY S. WHITE  MICHELLE L. WHITE                              Case No. 17-62244

✓ 7. The Debtor must amend and refile the following Schedules to provide complete and accurate information:
  ___ A. Schedule A/B, Part 1 (real estate): _____
  ___ B. Schedule A/B, Part 2 - 8 (other property): _____
  ___ C. Schedule C: Trustee objects to the following claims of exemption: _____
  ___ D. Schedule D (secured): _____
  ___ E. Schedule E/F, Part 1 (priority): _____
  ___ F. Schedule E/F, Part 2-4 (non-priority): _____
  ✓ G. Schedule G (exec./ leases): *add rental lease to matrix and notice Ann Brooks*
  ✓ H. Schedule H (co-debtors): *address + notice to Sharon Shelton*
  ___ I. Schedule I (income): _____
  ✓ J. Schedule J (expenses): *remove "misc. expenses" $350*
  ___ K. Statement of Financial Affairs: _____
  ___ L. Attorney Disclosure Statement: _____
  ___ M. Form 21 (Soc. Sec. #): _____
  ___ N. Petition: _____
  ___ O. Form 22C 1&2 (Current Monthly Income): _____
  ___ P. Other: _____

✓ 8. The Debtor must amend the proposed Plan as follows:
  ___ A. To provide for §1326 adequate protection payments for: _____
  ___ B. To amend Plan to pay secured debt arrearage in full, or object to claim, for the following creditor(s): _____
  ✓ C. To increase Plan payments as follows: *resolve 3H, 3J, and 3R (pay 100%)*
  ___ D. To correct proposed percentage payout to unsecured creditors.
  ✓ E. To provide for the following priority or secured claims, or object to claim(s): *POC 5 Regina Reams priority $4927  POC 2 Gateway Financial secured $12,031.88; POC 6 Regional Acceptance secured $17,151.70*
  ___ F. _____
  ___ G. File / Redo Plan using proper Plan format (see Court's web site)
  ___ H. To resolve the following objections/motions: _____
  ✓ I. Other – *in ¶3D provide for equal monthly payments  – in ¶5A show contract payments to Wells Fargo and student loans  – show attorney fee of $4,000 or file fee application*

___ 9. _____
  ___ B. The following creditors: _____

___ 10. Plan only pays a total of $_____ (net) to general unsecured creditors.                          N/A

___ 11. Other: _____

___ 12. Confirmation order to state:
  A. Plan must pay 100% to all general unsecured creditors / ~~all joint unsecured creditors / all unsecured creditors of Husband / all unsecured creditors of Wife~~ based upon the ~~Chapter 7 test ($_____)~~ / Disposable Income test ($_____).
  ___ B. Trustee retains his Disposable Income / Chapter 7 Test objection to review _____. By _____, the Debtor(s) shall provide the Trustee with amended Schedules I and J (as needed), 3 months of recent pay advices, federal tax return for 20___, and _____.
  ___ C. Confirmation is not res judicata as to the Trustee's Disposable Income because Debtor(s) are not devoting all disposable income to Plan payments (Line 45, Form 122C-2 requires $_____/mo.; plan payment is $_____/mo.)     N/A
  ___ D. Debtor(s) have an affirmative obligation to advise the Trustee immediately _____
  ___ E. Debtors are not entitled to discharge under sec. 1328(f) because _____
  ___ F. Debtor(s) shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during the Plan.
  ___ G. Other: _____

___ 13. **Trustee & attorney agree: Confirmation to be continued to ___/___/___**
  Reason: to get beyond bar date to review joint claims / ensure 100% payout, or _____

(Version #28, 4/15/17)